IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-cr-30124-DWD |
| | ) |
| **NICHOLAS J. BREHM,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>AMENDED ORDER</u>**

**DUGAN, District Judge**:

Defendant is charged with possession with the intent to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Count I), as well as possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A) (Count II). (Doc. 1). On December 29, 2022, Defendant's attorney filed a Notice (Doc. 19) under Federal Rule of Criminal Procedure 12.2. *See* Fed. R. Crim. P. 12.2. Defendant's attorney stated, under Rule 12.2(a), "Defendant Brehm may assert a defense of insanity at the time of the offenses alleged in the Indictment." *See* Fed. R. Crim. P. 12.2(a); (Doc. 19). Defendant's attorney further stated, under Rule 12.2(b)(1), "Defendant Brehm may introduce expert evidence relating to a mental disease or defect or any other mental condition bearing on the issue of guilt." *See* Fed. R. Crim. P. 12.2(b)(1); (Doc. 19).

Therefore, the Government filed a Motion for Psychiatric Examination under Rule 12.2(c)(1)(A) and (B) (Doc. 20), requesting that the United States Marshal transfer Defendant into the custody of the Warden of the Medical Center for Federal Prisoners in

Springfield, Missouri, or such other federal institution deemed appropriate by the Court, for purposes of an examination by one or more qualified psychiatrists under 18 U.S.C. §§ 4241, 4242, and 4247(b) and (c). (Doc. 20, pg. 1). Since Defendant intended to pursue a defense of insanity, the Government also noted that it would be prudent to order a concurrent evaluation of Defendant's mental competency to stand trial. (Doc. 20, pg. 2). Defendant agreed with the Government's Motion. (Doc. 21).

Accordingly, in the Order at Doc. 22, the Court granted the Motion for Psychiatric Examination and directed the United States Marshal to transfer Defendant into the custody of the Warden of the Medical Center for Federal Prisoners in Springfield, Missouri, for purposes of an examination by one or more qualified psychiatrists under 18 U.S.C. §§ 4241, 4242, and 4247(b) and (c). (Doc. 22, pg. 3). Consistent with § 4247(b), the examinations of Defendant were to be completed within 30 days of the Order, unless additional time was sought for good cause. (Doc. 22, pg. 3). A report, completed within 30 days of the examinations, was to be provided to the parties and filed with the Court under § 4247(c). *See* 18 U.S.C. §§ 4241(b), 4242(a), 4247(c); (Doc. 22, pg. 3). The report was to state: (1) Defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their result; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis and (A) whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and (B) whether the person was insane at the time of the offenses charged. *See* 18 U.S.C. § 4247(c); (Doc. 22,

pg. 3). The Court indicated, once the examinations are completed and the report filed, it would set a hearing under §§ 4241 and 4247. (Doc. 22, pg. 3). The Court also continued and reset Defendant's jury trial, noting the period of delay is excluded for purposes of the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(A); (Doc. 22, pg. 3).

Now, the Government has filed an Amended Motion for Psychological Examination. (Doc. 23). The Bureau of Prisons seeks clarifications as to the parameters, location, and timeline of Defendant's evaluation. (Doc. 23, pg. 2). Accordingly, the Amended Motion for Psychological Examination is **GRANTED**. The Court amends the Order at Doc. 22 as follows. All other portions of the Order at Doc. 22 remain in effect.

1. The United States Marshal is **DIRECTED** to transfer Defendant to a suitable Bureau of Prisons ("BOP") facility, where he shall remain detained for purposes of undergoing a psychiatric or psychological examination by a licensed or certified psychiatrist or psychologist under 18 U.S.C. §§ 4241, 4242 and 4247(b) and (c). A physical examination shall also be completed. Unless impracticable, said examination shall be conducted in the suitable facility closest to the court. *See* 18 U.S.C. § 4247(b).

2. It is **ORDERED** that a psychiatric or psychological report (or both) shall be filed with the Court in accordance with 18 U.S.C. § 4247(c), with copies sent to counsel. The report(s) shall include the information previously outlined by the Court at Doc. 22, page 3. The report(s) shall be filed with the Court, under seal, and copies shall be provided to Defendant's attorney and the attorney for the Government.

3. It is **FURTHER ORDERED** that the examinations shall occur within 30 days of the date Defendant is physically present at the evaluating BOP facility. 18 U.S.C.

§ 4247(b). The Court may, for good cause, extend this period upon the request, through counsel, of the evaluating psychologist or psychiatrist. 18 U.S.C. § 4247(b).

**SO ORDERED.**

DATED: January 20, 2023

s/ David W. Dugan

_____

DAVID W. DUGAN
U.S. District Court Judge